## (May 21, 1968)

■ CROSSLEY GLOVE CO., INC., Respondent, v. WAKEFIELD LEATHERS, INC., Appellent, et al., Defendant.— GIBSON, P. J. Appeal by defendant Wakefield Leathers, Inc., from an order of the Supreme Court at Special Term which denied its motion to dismiss the complaint in an action to recover damages for breach of a contract for the sale and delivery of leather to the plaintiff, for use in the manufacture of gloves; the motion being made on the ground that the court does not have jurisdiction of defendant's person (CPLR 3211, subd. [a], par. 8). Special Term found that defendant, a Massachusetts corporation, at the time of the negotiation of the contract, and in connection therewith, was transacting business in New York through its agent, the defendant Corwin, and, therefore, that service was properly made without the State (CPLR 302, subd. [a], par. 1). The complaint alleges that at all times pertinent to plaintiff's causes of action the defendant Corwin was defendant Wakefield's agent; and it is forcefully argued on the motion that Corwin's acts, as detailed therein, constituted the transaction of business in New York within the meaning of CPLR 302 and the tests imposed by the decisional law construing it. The only question, then, is whether or not Corwin was, in fact, Wakefield's agent in negotiating and executing the contract, to the extent that it was executed. In this connection, the strongest statement as to Corwin's status made in the moving affidavit is that the goods were shipped to Corwin on consignment; and that somewhat conclusory statement is factually unsupported, but if true does not necessarily dispose of the question of agency. The answering affidavit of plaintiff's president and the documentary evidence attached to it, when standing alone, furnish adequate proof of Corwin's agency, which we find was not so effectively contradicted as to create a real issue; defendant's officer's so-called counter answering affidavit containing at most an equivocal and qualified — and hence ineffectual — denial, stating "that David Corwin was not its agent and representative to accept orders without the assent of the defendant" (but, concededly, said defendant's assent and acceptance were given). As significant as this averment, perhaps, is the statement that follows it, "that your deponent does state that the matter of its arrangements with David Corwin in its belief is of no concern of the plaintiff and reiterates that the leathers it had sent to Corwin were on a consignment basis and that any shipments made by the defendant were made to Corwin". It seems scarcely necessary to point out that appellant's "arrangements with David Corwin" became a particular and relevant "concern of the plaintiff" by virtue of defendant's motion; and that plaintiff's factual and evidentiary averments in answer thereto called for more than the equivocal and limited denial first here-

inbefore quoted. Nevertheless, under all the circumstances, appellant should have the opportunity to present its proof in more rounded form, as, indeed, should respondent. Order reversed, on the law and the facts, without costs, and matter remitted to the Special Term for hearing and determination. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Gibson, P. J.